# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL MONTANEZ, | ) | 1:06-cv-00303-LJO-TAG HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO DISMISS |
| vs. | ) ) | (Doc. 13) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ) ) ) ) | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on March 20, 2006. (Doc. 1). On March 14, 2008, Respondent filed the instant motion to dismiss in lieu of an answer, contending that Petitioner's claims were not fully exhausted in state court. (Doc. 13). Petitioner has not responded to the motion to dismiss.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v.

Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on the contention that Petitioner failed to present his claims to the California Supreme Court.  Accordingly, the Court will review the motion pursuant to its authority under Rule 4.

B.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 731, 111 S. Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).

In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'

federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

    C.  <u>The instant petition is entirely unexhausted</u>

Here, the petition alleges that Petitioner, an inmate serving a prison term for a criminal conviction, wrongfully suffered a 360-day loss of credits as a result of a prison disciplinary hearing held on June 11, 2005, at which Petitioner was found guilty of possession of two weapons.  (Doc. 1, pp. 2, 8, 16).  Petitioner contends that he was not afforded a fair hearing because, in essence, the evidence was insufficient to prove his possession of the weapon.  (Doc. 1, p. 10).  Attached to his petition as Exhibit A are documents indicating that Petitioner appealed the results of the disciplinary hearing through the highest administrative level available to him within the prison system.

On the form petition, however, Petitioner indicated that, apart from this administrative review process, he had not filed any other petitions in state court.  (Doc. 1, p. 2).  Incongruously, on that portion of the habeas corpus form petition requiring the petitioner to provide information about whether he has presented his claims to the highest state court, Petitioner indicated "yes."  (Id. at p. 3).  However, Petitioner presents nothing to substantiate that he has in fact presented his claims to the State's highest court.  Indeed, Petitioner evidences a fundamental misunderstanding about the requirements of the exhaustion process when he indicates that "[o]n January 09th, 2006, petitioner

3

*concluded the required exhaustions [sic] of administrative review*, and now seeks injunctive intervenism [sic] from this Honorable court." (Doc. 1, p. 7).

In the instant motion to dismiss, Respondent has included various documents related to Petitioner's exhaustion of his administrative remedies. However, Respondent argues that because Petitioner has failed to exhaust his remedies in state court, the petition must be dismissed. The Court agrees.

In addition to considering Petitioner's own tacit admissions that he has not presented his claims to the California Supreme Court, and the documents indicating that Petitioner has exhausted his claims only at the administrative level, the Court has accessed the electronic database of the California court system.[1] The only record of a filing by Petitioner in the California Supreme Court is his 1997 filing of a petition for review in his direct appeal of his conviction. The database contains no evidence that Petitioner has ever filed in the California Supreme Court a petition for collateral review of any sort, much less a habeas petition challenging the results of the June 11, 2005 disciplinary hearing at issue in this case. Moreover, despite the fact that Petitioner has had ample opportunity since the filing of Respondent's motion to dismiss to provide the Court with additional information that would establish that he had in fact exhausted his claims, he has failed to do so.

As mentioned above, Petitioner contends that he has exhausted his administrative remedies. (Doc. 1, Exh. A). However, exhaustion of administrative remedies is not equivalent to exhausting one's remedies in state court. The State of California requires the exhaustion of administrative remedies prior to the filing of a petition for writ of habeas corpus in the state court. See In re Muszalski, 52 Cal.App.3d 500, 508, 125 Cal.Rptr. 286 (1975). As discussed supra, federal habeas law requires, before filing a federal petition, that the petitioner exhaust state court remedies by presenting the issues to the California Supreme Court. This Petitioner did not do. The fact that

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also, Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

Petitioner may have exhausted his administrative remedies as a prerequisite to filing a state habeas petition is entirely distinct from, and does not by itself satisfy, the federal requirement that Petitioner also exhaust his state court remedies by presenting his claims to the California Supreme Court. Here, because Petitioner has not presented his claims to the California Supreme Court, he has not satisfied the federal exhaustion requirement.

Based on the foregoing, the Court concludes that the instant petition is entirely unexhausted and must be dismissed. Coleman, 501 U.S. at 731; Jiminez v. Rice, 276 F. 3d 478, 481 (9th Cir. 2001). Accordingly, the motion to dismiss should be granted and the petition should be dismissed without prejudice for lack of exhaustion.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. That Respondent's motion to dismiss (Doc. 13), be GRANTED; and

2. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED without prejudice because it contains claims that are not fully exhausted.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 8, 2009**                    /s/ Theresa A. Goldner
                                                UNITED STATES MAGISTRATE JUDGE